◼ FRANK ANAUO et al., Appellants, v JANET R. FRIEDMAN et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered February 14, 1983 in Essex County, which granted defendants' motions for summary judgment dismissing the complaint. Plaintiffs acquired title to real property in Essex County on April 27, 1970 subject to a first mortgage, held by a bank, which they assumed and agreed to pay. Both that mortgage and a purchase-money second mortgage given by plaintiffs to their grantors are now held by defendant Janet R. Friedman through assignments. A consolidation and extension agreement between Janet Friedman and plaintiffs was executed on November 11, 1974. Plaintiffs failed to pay taxes assessed in 1977, as a result of which the county became the holder of a tax sale deed on December 30, 1980. In August, 1981, Janet Friedman purchased title from defendant Spencer Egglefield, the county treasurer, at public auction and received a quitclaim deed. Plaintiffs' complaint alleges two causes of action: the first seeking a judgment barring defendants from any claims or liens upon the property and declaring that plaintiffs are lawful owners entitled to possession; and the second seeking an accounting of all moneys paid to defendant M. Leo Friedman. Although this record does not contain papers in support of a motion by defendants County of Essex and Egglefield for summary

judgment dismissing the complaint as against them, plaintiffs candidly agree in their brief that Special Term correctly granted such relief. On this appeal, plaintiffs contend that the order granting the same relief to defendants Friedman was error. We have examined plaintiffs' contentions and find them to be without merit. Nowhere does it appear that plaintiffs have alleged that they paid the taxes upon the property, that the foreclosure proceedings and tax sale were improper or defective, or that they have timely redeemed title. Whether the liens of the mortgages held by Janet Friedman have merged or become extinguished by reason of her purchase of a tax title is irrelevant. There has been no showing that her title is defective. Nor have plaintiffs denied receipt of an accounting sought in the complaint or disputed or objected to such accounting. Accordingly, in the absence of triable issues of fact, Special Term correctly dismissed the complaint. Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.